

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21242-CIV-KING/GARBER

TRACFONE WIRELESS, INC.
a Florida corporation,

              Plaintiffs,

vs.

PHONES PHONES, INC., a Texas
Corporation, WIRELESS HOUSING,
INC., a Texas corporation, ASPAC, INC.,
a Texas corporation, MURAD MEHDI
VELANI, individually, AMIN
SAYANI, a/k/a Naushad Sayani,
Individually, and JOHN DOES NOS.
1 through 20, individually,

              Defendants.
_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff, TracFone Wireless, Inc. ('TracFone'), brought the above-captioned lawsuit

against Defendants, Phones N' Phones, Inc., a Texas corporation ('Phones'), Wireless Universe,

Inc., a Texas corporation ('Wireless'), Aspac, Inc., a Texas corporation ('Aspac'), Murad Mehdi

Velani, individually ('Velani'), Naushad Sayani, individually ('Naushad') and Celina Sayani,

individually ('Celina'), and (collectively 'Defendants'), asserting that Defendants are engaged in an

unlawful enterprise involving the acquisition, sale and counterfeiting of large quantities of

TracFone prepaid wireless telephones ('TracFone Prepaid Phones' or 'Phones') that causes

substantial and irreparable harm to TracFone (the 'Bulk Resale Venture').

Defendants perpetrate the Bulk Resale Venture by acquiring bulk quantities of TracFone

Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting

others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants. TracFone asserts that Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked. The purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones ("TracFone Proprietary Software"), which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system. TracFone asserts that the reflashed Phones are then trafficked and resold overseas, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone Prepaid Phones agree: (a) to use their Phones only in conjunction with TracFone's prepaid wireless service, (b) not to tamper with or alter TracFone Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone service, or assist others in such acts, and (c) not to export any TracFone Prepaid Phones outside of the United States.

As a result of the Bulk Resale Venture, TracFone has asserted claims against Defendants for breach of contract; federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ('DMCA'); unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et. seq.*; tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers; unfair competition and false advertising under §§ 501.204 and 501.211, Fla. Stat.; harm to TracFone's goodwill and reputation under § 495.151, Fla. Stat.; civil conspiracy; and unjust enrichment. Defendants filed an Answer, denying TracFone's allegations. The Court, having reviewed the Complaint and file and being otherwise duly advised in the premises, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that:

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone, United States Trademark Registration No. 2,761,017, issued September 9, 2003, for TracFone and United States Trademark Registration No. 3,118,250 for Net 10, issued July 18, 2006 (collectively the 'Registered TracFone Trademarks'). The Registered TracFone Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No.

2,114,692 is incontestable. The Court further finds that TracFone holds a valid and enforceable copyright on the TracFone Proprietary Software.

3. The Court finds that the Terms and Conditions and the language on the packaging constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use TracFone Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone Prepaid Phones outside of the United States, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

4. The Court finds that the conduct alleged in the complaint, if proven would violate the following statutes: 15 U.S.C. § 1114 (trademark infringement); copyright infringement under Title 17 of the United States Code; 17 U.S.C. § 1201 (circumvention of technological measures that control access to proprietary software under the DMCA and trafficking in services that circumvent technological measures protecting copyrighted software); 15 U.S.C. § 1125 (unfair competition); unfair competition and false advertising under §§ 501.204 and 501.211, Fla. Stat.; and harm to TracFone's goodwill and reputation under § 495.151, Fla. The Court further finds that the conduct alleged in the complaint, if proven, would constitute tortious interference with TracFone's advantageous business relationship, civil conspiracy, and unjust enrichment, and has caused substantial and irreparable harm to TracFone, and would continue to cause substantial and irreparable harm to TracFone unless enjoined.

5.    On November 27, 2006, the Librarian of Congress, upon the recommendation of the

Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that

are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone
> handsets to connect to a wireless telephone communication network, when
> circumvention is accomplished for the sole purpose of lawfully connecting to a
> wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this

new exemption does not absolve the Defendants of liability for their violations of the DMCA as

alleged in Counts IV and V of TracFone's complaint, because the Defendants' conduct as alleged

in this case does not come within the scope of the new exemption. The Defendants' purchase and

resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and

not "for the sole purpose of lawfully connecting to a wireless telephone communication network."

Because the exemption does not apply to the conduct alleged in this case, there is no need for the

Court to address the validity of the exemption or the circumstances surrounding its enactment.

6.    TracFone has suffered damages, including loss of goodwill and damage to its

reputation, as a result of the Defendants' conduct. TracFone is entitled to injunctive relief on the

claims set forth in the complaint.

7.    Final judgment is hereby entered against the Defendants, Phones N' Phones, Inc., a

Texas corporation, Wireless Universe, Inc., a Texas corporation, Aspac, Inc., a Texas

corporation, Murad Mehdi Velani, individually, Naushad Sayani, individually and Celina Sayani,

individually (collectively "Defendants"), and in favor of the Plaintiff, TracFone Wireless, Inc., on

all of the claims set forth in TracFone's complaint.

8.    Defendants, and each and all of their representatives, agents, employees, independent

contractors, servants and any and all persons and entities, including the Defendants' relatives and

associates, in active concert and participation with them, who receive notice of this order, shall be and hereby are PERMANENTLY ENJOINED from:

a. Purchasing, selling and/or shipping any wireless mobile phone that they know or should know bears any Registered TracFone Trademark, any other trademark owned by TracFone, or any other model of wireless mobile device sold or marketed by TracFone or any of its affiliated or related entities, such as America Movil, bearing any Registered TracFone Trademark ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing, selling and/or shipping, directly or indirectly, all models of TracFone Handsets, including Net 10 products, regardless of whether such devices are new or used, whether in or out of their original packaging, or whether "locked," "unlocked," "reflashed," or otherwise modified in any way by any person. This injunction applies to all TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's websites, http://tracfone.com/activation_pick_brand.jsp and www.net10.com, including without limitation the following TracFone Handsets:

| | | |
|---|---|---|
| Motorola W370 | Nokia 2126 | LG 3280 |
| Motorola C261 | Nokia 2126i | LG CG225 |
| Motorola C139 | Nokia 2600 | LG 1500 |
| Motorola V176 | Nokia 1100 | |
| Motorola V170 | Nokia 1112 | |
| Motorola V171 | Nokia 1600 | |
| Motorola C155 | Nokia 2285 | |
| Motorola C343 | | |

b. reflashing and/or unlocking of any TracFone Handset;

c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

d. supplying TracFone Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

e. supplying TracFone Handsets to, or facilitating or assisting, in any way, other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying , selling and/or shipping of locked or unlocked TracFone Handsets; and

f. knowingly using the Registered TracFone Trademarks or any other trademark owned or used by TracFone now or in the future, without TracFone's prior written authorization.

9. The shipment of any TracFone Handsets within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

10. The last known address of Defendant Phones N' Phones, Inc 4325 Rice Lane, Carrollton, TX 75010.

11. The last known address of Defendant Wireless Universe, Inc. 4325 Rice Lane, Carrollton, TX 75010.

12. The last known address of Defendant Aspac, Inc. is 1620 N. I-30, Suite 308, Carrollton, TX 75006.

13. The last known address of Defendant Murad Mehdi Velani is 1220 Indian Run Drive, Carrollton, TX 75010.

14. The last known address of Defendant Naushad Sayani is 4325 Rice Lane, Carrollton, TX 75010.

15. The last known address of Defendant Celina Sayani is 4325 Rice Lane, Carrollton, TX 75010.

16. The address of Plaintiff, TracFone Wireless, Inc., is 8390 NW 25th Street, Miami, FL 33122.

17. Defendants waive their right to appeal from the entry of this Final Judgment.

18. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for each TracFone Handset that a Defendant is found to have purchased, sold, unlocked or shipped in violation of this injunction.

19. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

DONE AND ORDERED in Dallas, Texas, this 30 day of _Aug_____, 2007.

_____
United States District Judge

Copies furnished to:
James B. Baldinger, *Counsel for TracFone Wireless*
Janet T. Munn, *Counsel for Defendants*

Molly Buck Richard, *Counsel for Defendants*



475 F.Supp.2d 1236                                                                 Page 1

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

**(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))**

C

United States District Court,
M.D. Florida,
Orlando Division.
TRACFONE WIRELESS, INC., a Florida
corporation, Plaintiff,
v.
Ryan Maurice DIXON, a/k/a Derrick Johnson a/k/a
Derrick Johnzun a/k/a Derrick
Jonzun, individually and d/b/a Piphy Productions
and Give-A-Gift-Basket; Tracy
Nicole Dixon, individually and d/b/a Piphy
Productions and Give-A-Gift-Basket;
and Lost in the 80'S, LLC., a Georgia limited
liability company, Defendants.
No. 6:07-CV-0013-ORL-18-JGG.

Feb. 26, 2007.

**Background:** Prepaid wireless telephone provider brought action alleging that resellers unlawfully disabled its copyrighted and proprietary software installed in phones and resold them as new under provider's trademarks for unauthorized use outside of its system. Provider moved for permanent injunction.

**Holding:** The District Court, G. Kendall Sharp, J., held that resellers' actions did not fall within exception to Digital Millennium Copyright Act (DMCA).
Motion granted.

West Headnotes

**Copyrights and Intellectual Property** ☞67.3
99k67.3 Most Cited Cases
Resellers' actions in disabling prepaid wireless telephone provider's copyrighted and proprietary software installed in phones and reselling them as new for unauthorized use outside of its system did not fall within exception to Digital Millennium Copyright Act (DMCA) for computer programs in

form of firmware to enable wireless telephone handsets to connect to wireless telephone communication network, where resellers unlocked provider's handsets for purpose of reselling those handsets for profit, and not for sole purpose of lawfully connecting to wireless telephone communication network. 17 U.S.C.A. § 1201; 37 C.F.R. § 201.40(b).

**Trademarks** ☞1800
382Tk1800 Most Cited Cases
TracFone.
*1236 Christopher Mark Paolini, Carlton Fields, P.A., Orlando, FL, James Blaker Baldinger, Carlton Fields, P.A., West Palm Beach, FL, Steven J. Brodie, Carlton Fields, P.A., Miami, FL, for Plaintiff.

Ryan Maurice Dixon, Douglasville, GA, Pro se.

Tracy Nicole Dixon, Douglasville, GA, Pro se.

Lost in the 80'S, LLC, Douglasville, GA, Pro se.

***FINAL JUDGMENT AND PERMANENT
INJUNCTION AGAINST DEFENDANTS RYAN
MAURICE DIXON,
TRACY NICOLE DIXON AND LOST IN THE
80'S LLC***

G. KENDALL SHARP, District Judge.

**\*\*1** Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against Defendants, Ryan Maurice Dixon a/k/a Derrick Johnson a/k/a Derrick Johnzun a/k/a Derrick Jonzun. individually and d/b/a PIPHY Productions and Give-A-Gift-Basket; Tracy Nicole Dixon, individually and d/b/a PIPHY Productions and Give-A-Gift-Basket; and Lost in the 80's, LLC, a Georgia limited liability company (collectively the "Defendants"), alleging that Defendants are engaged in two unlawful schemes that have caused

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

475 F.Supp.2d 1236

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))

substantial harm to TracFone and to consumers generally.

*1237 TracFone alleges Defendants' first scheme (the "Bulk Resale Scheme") involves the unauthorized and unlawful bulk purchase and resale of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones"), unauthorized and unlawful computer unlocking of TracFone Prepaid Phones, alteration of TracFone's copyrighted and proprietary software computer code installed in the Phones, and ultimate sale of counterfeited Phones to unsuspecting end users for profit.

TracFone alleges Defendants perpetrate the Bulk Resale Scheme by acquiring bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants. TracFone alleges Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked. TracFone alleges the purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable TracFone's copyrighted and proprietary software installed in the Phones, which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system. TracFone alleges the reflashed Phones are then trafficked and resold, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone alleges Defendants' other scheme (the "Fraudulent Airtime Scheme"), provides Defendants with another mechanism for unlawfully profiting from their bulk acquisition of TracFone Prepaid Phones by exploiting TracFone's "Refer-A-Friend" promotion (the "Promotion"). TracFone alleges Defendants recruit customers for their Fraudulent Airtime Scheme via their websites, *www. tracfoneusa.com* and *www.lostinthe80s/active_tracfones.htm*, which contain unauthorized reproductions of the TracFone trademarks and logo, and deceives consumers into believing the scheme is legitimate and authorized by TracFone. TracFone alleges Defendants fraudulently obtain free airtime from TracFone through the Promotion then sell the airtime to unsuspecting third parties for a profit.

TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.;* trademark violation for domain name misuse; federal unfair competition under 15 U.S.C. § 1125; tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers; unfair competition and false advertising under § 501.204, Fla. Stat.; injury to business reputation and dilution of marks under § 495.151. Fla. Stat.; fraud; civil conspiracy; and unjust enrichment. Defendants admit their liability under the claims asserted by TracFone. The Court, having considered the Complaint, Declarations and Exhibits, Memorandum of Law, and further evidence submitted therewith by TracFone and Defendants, accordingly hereby:

**\*\*2 ORDERS, ADJUDGES and DECREES that:**

1. This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's Complaint.

*1238 2. The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone and Incontestable United States Trademark Registration No. 2,71,017, issued September 9, 2003, for TracFone (the "TracFone Trademarks"). The TracFone Trademarks are valid, incontestable, distinctive, protectable, famous, have acquired secondary meaning and are associated

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

475 F.Supp.2d 1236

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

**(Cite as: 475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.))**

exclusively with TracFone.

3. TracFone owns all right, title and interest to the domain name *www. tracfone.com.*

4. The Court finds that the conduct, although unintentional, alleged by TracFone in the Complaint violates the following statutes: federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under 17 U.S.C. § 106; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"), as amended, 15 U.S.C. § 1051, *et. seq.;* trademark violation for domain name misuse; federal unfair competition under 15 U.S.C. § 1125; unfair competition and false advertising under § 501.204, Fla. Stat. The Court further finds that Defendants' conduct, alleged in the Complaint, constitutes tortious interference with TracFone's business relationships and prospective advantages business relationships between TracFone and its manufacturers, fraud, civil conspiracy, and unjust enrichment.

5. The Court finds Defendants' conduct, independently, in both the Bulk Resale Scheme and the Fraudulent Airtime Scheme, has caused substantial harm to TracFone and the public interest, and will continue to cause substantial harm to TracFone and the public interest. unless enjoined. Consequently, TracFone is entitled to injunctive relief on the claims set forth in its Complaint.

6. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed.Reg. 68472 (Nov. 27.2006) (amending 37

C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in Counts IE and IV of TracFone's Complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The Defendants' misconduct and involvement in unlocking TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

**\*3** 7. Final judgment is hereby entered against the Defendants, Ryan Maurice Dixon, Tracy Nicole Dixon, and Lost in the 80's, LLC, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's Complaint.

8. Defendants, and each and all of their representatives, agents, assigns, employees, **\*1239** independent contractors, relatives, associates, servants and any and all persons and entities in active concert and participation with them who receive notice of this Order shall be and hereby are PERMANENTLY ENJOINED from:

a. purchasing and/or selling, except for their own personal use. any wireless mobile phone that they know or should know bears any TracFone Trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing and/or selling all models of TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated regularly on *http:// tracfone.com/activation_pick_brand.jsp.* TracFone's website, including without limitation the following cellular phone handsets:
Nokia 1100
Nokia 1112
Nokia 1221
Nokia 2126

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Nokia 2285
Nokia 2600
Nokia 2610
Nokia 3390
Nokia 5100
Nokia 252 (Analog)
Nokia 282 (Analog)
Nokia 918 (Analog)
Motorola V170
Motorola V176
Motorola C139
Motorola C155
Motorola C261
Motorola C343
Motorola V60
Motorola 120
Motorola Ballina
LG 3280
LG 5150
LG C1300
LG C1500
LG CG225
Uniden 2000
Uniden Minicel
StarTrac
Radio Shack
MicroTac
Profile
Lifestyle 500
b. reflashing and/or unlocking of any TracFone Handset;
c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;
d. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;
e. reselling, or participating in or facilitating the resale by others, of TracFone airtime units, airtime cards, or prepaid airtime minutes;
f. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts

prohibited under this permanent injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets;
g. using or operating websites with a domain names *www.tracfoneusa.com* **\*1240** or which uses "*tracfones*" or "*tracfone*"; and
h. knowingly using the TracFone Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone's Trademarks, without TracFone's prior written authorization.

**\*\*4** 9. Defendants and TracFone waive their right to appeal from the entry of this Final Judgment.

10. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless. Inc. in an amount of not less than $5,000 for each TracFone Handset that Defendants are found to have purchased, sold, or unlocked in violation of this injunction.

11. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

475 F.Supp.2d 1236, 2007 WL 570540 (M.D.Fla.), 20 Fla. L. Weekly Fed. D 506

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED

SEP 2 2 2006

Michael N. Milby, Clerk of Court

---------------------------------------------------------

VIRGIN MOBILE USA, LLC,           :

         Plaintiff,           :

    v.           :

                                CAUSE NO:  H-06-cv-02766

HOUSTON TEKLINK INCORPORATED,           :
ATIF "JOHN" KHAN, and ATIF IQBAL,

                         :

         Defendants.           :

---------------------------------------------------------

## FINAL JUDGMENT AND
## AGREED PERMANENT INJUNCTION

Plaintiff Virgin Mobile USA, LLC ("Virgin Mobile") and Defendants Houston

Teklink Incorporated ("Teklink") and Atif Khan ("Khan") (collectively, Defendants)

having entered into a settlement and having resolved all issues in this action (the

"Action"), and having as part of their settlement stipulated to the entry of this Agreed

Permanent Injunction, the Court enters the following Order:

### FINDINGS

1.    The Court has jurisdiction over this dispute, and personal jurisdiction over

Houston Teklink Incorporated and its principal and agent, Atif Khan.  Atif Khan has

represented to this Court that he and named defendant Atif Iqbal are one and the same

person.

2.    The Court adopts by reference its Order dated August 28, 2006 granting a temporary restraining order against Defendants as further reason for the entry of this Permanent Injunction.

## PERMANENT INJUNCTION

Houston Teklink Incorporated, its agents, servants, employees, successors and assigns, and all persons and entities acting in concert or participation with Houston Teklink Incorporated, and/or acting on their behalf or at their direction; and Atif Khan are permanently enjoined from (1) hacking, reprogramming, circumventing, disabling, erasing or otherwise modifying, or inducing or facilitating others to hack, reprogram, circumvent, disable, erase or otherwise modify Virgin Mobile-branded handsets, including but not limited to the Kyocera K10; (2) selling, distributing, or otherwise providing to others software designed or intended to be used to circumvent, disable, modify, erase, or otherwise tamper with the security software and/or operating software on Virgin Mobile-branded handsets, including but not limited to the Kyocera K10; (3) repackaging, shipping, distributing, selling, or reselling altered Virgin Mobile-branded handsets, or facilitating the repackaging, shipping, selling, or reselling of altered Virgin Mobile-branded handsets, including but not limited to the Kyocera K10; and (4) exporting or facilitating the export of Virgin Mobile-branded handsets, including but not limited to the Kyocera K10.

## OTHER MATTERS

1.    Each party shall bear its own costs.

2.    This Agreed Permanent Injunction shall constitute the final judgment in this Action as against Teklink and Khan.

3. The $10,000 bond previously posted by Virgin Mobile pursuant to the Court's Order dated August 29, 2006 is hereby discharged.

4. This Action having been concluded in all respects, the Clerk is directed to mark this matter closed.

5. This Court retains jurisdiction to enforce this injunction.

SIGNED this 22nd day of September, 2006.

KENNETH M. HOYT
United States District Judge

CONSENTED TO BY THE FOLLOWING PARTIES:

Charles W. Schwartz
State Bar No. 17861300
Federal Bar No. 603
Attorney in Charge
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, TX 77002
Telephone No.: 713-655-5160
Facsimile No.: 888-329-2286

**Counsel For Plaintiff**
**Virgin Mobile USA, LLC**

Altaf Adam
State Bar No. 24003499
Attorney at Law
P.O. Box 572495
Houston, Texas 77257
(713) 266-2676

**Counsel for Defendants**
**Houston Teklink Incorporated,**
**Atif "John" Kahn, and Atif Iqbal**

**Houston Teklink Incorporated**

By:_____

Its:_____

_____
**Atif Iqbal (a/k/a Atif "John" Kahn)**
**Individually**

3.    The $10,000 bond previously posted by Virgin Mobile pursuant to the Court's Order dated August 29, 2006 is hereby discharged.

4.    This Action having been concluded in all respects, the Clerk is directed to mark this matter closed.

5.    This Court retains jurisdiction to enforce this injunction.

SIGNED this 20ᴺᴰ day of September, 2006.

_____
KENNETH M. HOYT
United States District Judge

CONSENTED TO BY THE FOLLOWING PARTIES:

_____
Charles W. Schwartz
State Bar No. 17861300
Federal Bar No. 603
Attorney in Charge
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, TX 77002
Telephone No.: 713-655-5160
Facsimile No.:  888-329-2286

**Counsel For Plaintiff**
**Virgin Mobile USA, LLC**

_____
Altaf Adam
State Bar No. 24003499
Attorney at Law
P.O. Box 572495
Houston, Texas 77257
(713) 266-2676

**Counsel for Defendants**
**Houston Teklink Incorporated,**
**Atif "John" Kahn, and Atif Iqbal**

**Houston Teklink Incorporated**

By: _ATIF IQBAL KHAN_

Its: _____
President & Individually

_____
**Atif Iqbal (a/k/a Atif "John" Kahn)**
**Individually**

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 3 2007

CLERK, U.S. DISTRICT COURT
By _____
                    Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TRACFONE WIRELESS, INC., a            §
Florida corporation,                  §
                                      §
                  Plaintiff,          §
                                      §
vs.                                   §
                                      §
JALAL BROS. IMPORTS &                 §    CASE NO. 3:07-CV-1226-B
WHOLESALE CORP., d/b/a WIRELESS       §    ECF
WAY, a Texas corporation, and         §
JALALUDDIN CHARANYA, individually     §
and d/b/a WIRELESS WAY,               §
                                      §
                  Defendants.         §

## FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiff, TracFone Wireless, Inc. ("TracFone"), brought the above-captioned lawsuit against Defendants, Jalal Bros. Imports & Wholesale Corp. d/b/a Wireless Way, a Texas corporation ("Jalal Bros."), and Jalaluddin Charanya, individually and d/b/a/ Wireless Way ("Charanya") (collectively, "Defendants"), asserting that Defendants are engaged in an unlawful enterprise involving the acquisition, sale and counterfeiting of large quantities of TracFone prepaid wireless telephones ("TracFone Prepaid Phones" or "Phones") that causes substantial and irreparable harm to TracFone (the "Bulk Resale Venture").

TracFone asserts that Defendants perpetrate the Bulk Resale Venture by acquiring bulk quantities of TracFone Prepaid Phones from retail stores such as Wal-Mart, Target or Sam's Club, and by soliciting others to purchase TracFone Prepaid Phones in bulk for the benefit of Defendants. Tracfone asserts that Defendants acquire the TracFone Prepaid Phones with the actual or constructive knowledge and intent that the Phones will not be activated for use on the TracFone prepaid wireless network and that the Phones will be computer-hacked. The purpose of this hacking, known as "reflashing" or "unlocking," is to erase, remove and/or disable

TracFone's copyrighted and proprietary software installed in the Phones ("TracFone Proprietary Software"), which enables the use of the TracFone Prepaid Phones exclusively on TracFone's prepaid wireless system. Tracfone asserts that the reflashed Phones are then trafficked and resold overseas, at a premium, as new under TracFone's trademarks for unauthorized use outside of the TracFone prepaid wireless system.

TracFone Prepaid Phones are sold subject to terms and conditions ("Terms and Conditions") which conspicuously restrict and limit the sale and use of TracFone Prepaid Phones. These Terms and Conditions are set forth in printed inserts that are included in the packaging with every TracFone Phone, and are also available to the public on TracFone's website. The Terms and Conditions are also referenced in printed warnings that are placed on the outside of the retail packaging of the Phones. The Terms and Conditions and language on the packaging constitute a valid binding contract.

Pursuant to the Terms and Conditions and the language on the packaging, purchasers of TracFone Prepaid Phones agree: (a) to use their Phones only in conjunction with TracFone's prepaid wireless service, (b) not to tamper with or alter TracFone Prepaid Phones or the Phones' software, enter unauthorized PIN numbers in the Phones, engage in any other unauthorized or illegal use of the Phones or the TracFone service, or assist others in such acts, and (c) not to export any TracFone Prepaid Phones outside of the United States.

As a result of the Bulk Resale Venture, TracFone has asserted claims against Defendants for breach of contract; federal trademark infringement under 15 U.S.C. § 1114; copyright infringement under Title 17 of the United States Code; circumvention of technological measures that control access to proprietary software and trafficking in services that circumvent technological measures protecting proprietary software under 17 U.S.C. § 1201, *et. seq.* as a violation of the Digital Millennium Copyright Act ("DMCA"); unfair competition under the

Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et. seq.*; tortious interference with business relationships and prospective advantages business relationships between TracFone and its manufacturers; injury to business reputation and dilution of marks under Tex. Code. Ann. § 16.29; civil conspiracy; and unjust enrichment. Defendants deny Tracfone's allegations. The Court, ~~having reviewed the Complaint and file and being otherwise duly advised in the premises,~~ enters the following judgment and findings solely based on the parties' agreement:
~~it is hereby~~

~~ORDERED, ADJUDGED and DECREED that:~~

1.    This Court has jurisdiction over all the parties and all of the claims set forth in TracFone's complaint.

2.    The Court finds that TracFone owns all right, title, and interest in and to Incontestable United States Trademark Registration No. 2,114,692, issued November 18, 1997, for TracFone, United States Trademark Registration No. 2,761,017, issued September 9, 2003, for TracFone and United States Trademark Registration No. 3,118,250 for Net 10, issued July 18, 2006 (collectively the "Registered TracFone Trademarks"). The Registered TracFone Trademarks are valid, distinctive, protectable, famous, have acquired secondary meaning and are associated exclusively with TracFone. The Court finds that the trademark registered under Registration No. 2,114,692 is incontestable. The Court further finds that TracFone holds a valid and enforceable copyright on the TracFone Proprietary Software.

3.    The Court finds that the Terms and Conditions and the language on the packaging constitute a valid binding contract enforceable against Defendants. The Court finds that (a) facilitating others to use TracFone Prepaid Phones in conjunction with service providers other than TracFone, (b) tampering with or altering TracFone Prepaid Phones or the Phones' software, entering unauthorized PIN numbers in the Phones for purposes of unlocking or reflashing the Phones, or facilitating others in such acts, and/or (c) exporting TracFone Prepaid Phones outside

of the United States, respectively, constitute independent breaches of contract for which TracFone is entitled to relief.

4. The Court finds that Defendants' involvement in the Bulk Resale Venture also violated the following statutes: 15 U.S.C. § 1114 (trademark infringement); copyright infringement under Title 17 of the United States Code; 17 U.S.C. § 1201 (circumvention of technological measures that control access to proprietary software under the DMCA and trafficking in services that circumvent technological measures protecting copyrighted software); 15 U.S.C. § 1125 (unfair competition); and injury to business reputation and dilution of marks under Tex. Code. Ann. § 16.29. The Court further finds that Defendant's conduct, alleged in the complaint, constitutes tortious interference with TracFone's advantageous business relationship, civil conspiracy, and unjust enrichment, and has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.

5. On November 27, 2006, the Librarian of Congress, upon the recommendation of the Register of Copyrights, issued a Final Rule setting forth six (6) classes of copyrighted works that are exempt from the provisions of the DMCA, including:

> Computer programs in the form of firmware that enable wireless telephone handsets to connect to a wireless telephone communication network, when circumvention is accomplished for the sole purpose of lawfully connecting to a wireless telephone communication network.

71 Fed. Reg. 68472 (Nov. 27, 2006) (amending 37 C.F.R. § 201.40(b)). The Court finds that this new exemption does not absolve the Defendants of liability for their violations of the DMCA as alleged in Counts IV and V of TracFone's complaint, because the Defendants' conduct as alleged in this case does not come within the scope of the new exemption. The Defendants' purchase and resale of the TracFone handsets was for the purpose of reselling those handsets for a profit, and not "for the sole purpose of lawfully

connecting to a wireless telephone communication network." Because the exemption does not apply to the conduct alleged in this case, there is no need for the Court to address the validity of the exemption or the circumstances surrounding its enactment.

6. TracFone has suffered damages, including loss of goodwill and damage to its reputation, as a result of the Defendants' conduct. TracFone is entitled to injunctive relief on the claims set forth in the complaint.

7. Final judgment is hereby entered against the Defendants, Jalal Bros. Imports & Wholesale Corp. d/b/a Wireless Way and Jalaluddin Charanya, individually and d/b/a/ Wireless Way, and in favor of the Plaintiff, TracFone Wireless, Inc., on all of the claims set forth in TracFone's complaint.

8. Defendants, and each and all of their representatives, agents, employees, independent contractors, servants and any and all persons and entities, including the Defendants' relatives and associates, in active concert and participation with them, who receive notice of this order, shall be and hereby are PERMANENTLY ENJOINED from:

    a. Purchasing, selling and/or shipping any wireless mobile phone that they know or should know bears any Registered TracFone Trademark, any other trademark owned by TracFone, or any other model of wireless mobile device sold or marketed by TracFone or any of its affiliated or related entities, such as America Movil, bearing any Registered Tracfone Trademark ("TracFone Handsets"). Specifically, the Defendants are enjoined from purchasing, selling and/or shipping, directly or indirectly, all models of TracFone Handsets, including Net 10 products, regardless of whether such devices are new or used, whether in or out of their original packaging, or whether "locked," "unlocked," "reflashed," or otherwise modified in any way by any person. This injunction applies to all TracFone Handsets currently offered for sale by TracFone, or that may be offered for sale in the

future, as listed and updated from time to time on TracFone's websites, http://tracfone.com/activation_pick_brand.jsp and www.net10.com, including without limitation the following TracFone Handsets:

| | | |
|---|---|---|
| Motorola W370 | Nokia 2126 | LG 3280 |
| Motorola C261 | Nokia 2126i | LG CG225 |
| Motorola C139 | Nokia 2600 | LG 1500 |
| Motorola V176 | Nokia 1100 | |
| Motorola V170 | Nokia 1112 | |
| Motorola V171 | Nokia 1600 | |
| Motorola C155 | Nokia 2285 | |
| Motorola C343 | | |

   b.   reflashing and/or unlocking of any TracFone Handset;

   c.   accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any and all models of TracFone Handsets;

   d.   supplying TracFone Handsets to or facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets;

   e.   supplying TracFone Handsets to, or facilitating or assisting, in any way, other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the buying, selling and/or shipping of locked or unlocked TracFone Handsets; and

   f.   knowingly using the Registered TracFone Trademarks or any other trademark owned or used by TracFone now or in the future, without TracFone's prior written authorization.

9.   The shipment of any TracFone Handsets within and/or outside of the continental United States is and shall be deemed a presumptive violation of this permanent injunction.

10. The address of Charanya is 1205 Apache Lake Dr., Carrollton, TX 75010.

11. The address of Jalal Bros. is 11076 Harry Hines Blvd., Ste. 300, Dallas, TX 75229.

12. The address of TracFone Wireless, Inc. is 8390 NW 25 St, Miami, FL 33122.

13. Defendants waive their right to appeal from the entry of this Final Judgment.

14. The Court retains jurisdiction over this matter and the parties to this action in order to punish any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone Wireless, Inc. in an amount of not less than $5,000 for each TracFone Handset that a Defendant is found to have purchased, sold, unlocked or shipped in violation of this injunction.

15. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

DONE AND ORDERED in Dallas, Texas, this _15th_ day of __Sept__, 2007.

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
AUG 1 0 2006
Michael N. Milby, Clerk of Court

---------------------------------------------------------------

VIRGIN MOBILE USA, LLC,                    :

        Plaintiff,                          :

    v.                                            :

WORLD MMP INC, conducting business as      :
UNICOMM WIRELESS, MUHAMMAD
"Mubi" MUBASHIR, ABDUL QADIR               :
PAREKH, and ABDUL WAHAB MOOSA,
                                           :

        Defendants.                         :

---------------------------------------------------------------

## FINAL JUDGMENT AND
## AGREED PERMANENT INJUNCTION

       Plaintiff Virgin Mobile USA, LLC ("Virgin Mobile") and Defendants

World MMP Inc, conducting business as Unicomm Wireless ("Unicomm"), Muhammad

"Mubi" Mubashir, Abdul Qadir Parekh, and Abdul Wahab Moosa (collectively,

Defendants) having entered into a settlement and having resolved all issues in this Action

(the "Action"), and having as part of their settlement stipulated to the entry of this Agreed

Permanent Injunction, the Court enters the following Order:

**FINDINGS**

       1.     The Court has jurisdiction over this dispute and personal jurisdiction over

Unicomm and its principals, Muhammad "Mubi" Mubashir, Abdul Qadir Parekh, and

Abdul Wahab Moosa.

       2.     The Court adopts by reference its Order dated July 25, 2006 as further

reason for the entry of this Permanent Injunction.

**PERMANENT INJUNCTION**

Unicomm, its agents, servants, employees, successors and assigns, all persons and entities acting in concert or participation with Unicomm, and/or acting on their behalf or at their direction; Muhammad "Mubi" Mubashir, Abdul Qadir Parekh, and Abdul Wahab Moosa are permanently enjoined from purchasing, offering to purchase, reselling, offering to resell, shipping, and tampering with the software, of or inducing or soliciting any other person or entity to purchase, offer to purchase, resell, offer to resell, ship, and tamper with the software, of any Virgin Mobile wireless handset, including without limitation the Kyocera K10 wireless handset.

**OTHER MATTERS**

1.     Each party shall bear its own costs.

2.     This Agreed Permanent Injunction shall constitute the final judgment in this Action as against Unicomm, Muhammad "Mubi" Mubashir, Abdul Qadir Parekh, and Abdul Wahab Moosa.

3.     The $25,000 bond previously posted by Virgin Mobile pursuant to the Court's Order dated July 25, 2006 is hereby discharged.

4.     This Action having been concluded in all respects, the Clerk is directed to mark this matter closed.

5.     This Court retains jurisdiction to enforce this injunction.

SIGNED this  _10th_  day of August, 2006.


_____
MELINDA HARMON
United States District Judge

2

CONSENTED TO BY THE FOLLOWING PARTIES:

World MMP Inc,
Conducting business as
Unicomm Wireless

By: _____

Its: PRESIDENT _____


_____
Abdul Wahab Moosa, Individually


MUBASHIR
_____
Muhammad "Mubi" Mubashir, Individually


_____
Abdul Qadir Parekh, Individually

ChAS. Schwartz
_____
Charles W. Schwartz
State Bar No. 17861300
Federal Bar No. 603
Attorney in Charge
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1000 Louisiana, Suite 6800
Houston, TX 77002
Telephone No.: 713-655-5160
Facsimile No.: 888-329-2286


Counsel For Plaintiff
Virgin Mobile USA, LLC


_____
Altaf Adam
State Bar No. 24003499
Attorney at Law
P.O Box 572495
Houston, Texas 77257
(713) 266-2676

Counsel for Defendants
World MMP Inc, Unicomm
Wireless, Muhammad "Mubi"
Mubashir, Abdul Qadir
Parekh, Abdul Wahab Moosa

3